IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-1347-D |
| | § | |
| TEN 01 LIVE LLC, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") moves to effect substituted service of process on defendant David A. Singh ("Singh"). For the reasons that follow, the court grants the motion as set forth in this memorandum opinion and order.

I

Joe Hand filed this lawsuit on June 1, 2024. It attempted to personally serve Singh four times between June 10 and June 28. Vikki Acord ("Acord"), a private process server, has filed an affidavit for substituted service, sworn to before a notary, detailing her attempts to serve Singh at his residence.

According to Acord, on June 10, 2024, at 2:07 p.m., she attempted unsuccessfully to serve Singh at his residence. At the residence, she spoke to a Black man in his mid-60s, who identified himself as Singh's "co-resident" and stated that Singh did reside at that address but was not available. Acord left her contact notice with the co-resident. She observed two cars at the residence.

On June 15, 2024, at 12:41 p.m., Acord went to the residence, but there was no response at the door, although one of the same two cars was present.

On June 26, 2024, at 7:01 p.m., Acord went to the residence, but there was no response at the door, although one of the same two cars was again present.

On June 28, 2024, at 7:37 a.m., Acord went to the residence, but there was no response at the door. Both of the original vehicles were present.

II

Joe Hand moves the court to allow it to serve Singh by delivering the summons and complaint to anyone over the age of 16 at Singh's residence, or by affixing the documents to the front entry way of Singh's residence.

Fed. R. Civ. P. 4(e)(1) provides that service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Texas law provides that, when personal service has been unsuccessful,

> [u]pon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . at the location named in the statement but has not been successful, the court may authorize service:
>
> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>
> (2) in any other manner . . . that the statement or other evidence shows will be reasonably effective to give the defendant notice

      of the suit.

Tex. R. Civ. P. 106(b).

    In this case, service has been attempted, but has not been successful. Joe Hand's multiple attempts to serve Singh at his residence support the reasonable inference that any further attempts will also be unsuccessful. The court therefore grants Joe Hand's motion for substituted service of process.

III

    "In dispensing with personal service, Texas courts look for 'the substitute that is most likely to reach the defendant[, which] is the least that ought to be required if substantial justice is to be done.'" *Textron Fin. Corp. v. Anchor Marine & Tackle, Inc.*, 2010 WL 428968, at *2 (W.D. Tex. Jan. 28, 2010) (alteration added) (quoting *Forney v. Jorrie*, 511 S.W.2d 379, 384 (Tex. Civ. App. 1974, writ ref'd n.r.e.)). Texas law specifically provides that leaving a copy of the summons and complaint with a person over the age of 16 at "any location where the defendant can probably be found" after service has been unsuccessfully attempted at that location may be sufficient substitute service. Tex. R. Civ. P. 106(b). Given that Singh's co-resident confirmed that the location specified in Acord's affidavit is Singh's residence, and because, following the date of Acord's single interaction with Singh's co-resident, there has been no response at the door despite the presence of one or more vehicles at the residence, the court is concerned that Singh or others living at the residence may be reluctant to open the door to accept service. The court will therefore also authorize Joe Hand to effect service by leaving a copy of the summons and complaint affixed to the front entry

way of Singh's residence, provided that Joe Hand is first unsuccessful in attempting to effect service on a person over the age of 16 at Singh's residence.  If Joe Hand is unable to effect service in this manner, Joe Hand is authorized to affix the summons and complaint, together with a copy of this memorandum opinion and order, to the door of Singh's residence.  *See Textron Fin. Corp.*, 2010 WL 428968, at *2 (authorizing substitute service by affixing court papers to front gate of defendant's residence and mailing the court papers); *Evergreen Nat'l Indem. Co. v. Herndon*, 2007 WL 2827978, at *1 (N.D. Tex. Sept. 28, 2007) (Boyle, J.) (authorizing service by affixing papers to front gate of defendant's residence).

Because the address for Singh's residence has been confirmed by his co-resident during a conversation with Acord when he answered the door on June 10, 2024, the court finds that either method of service permitted by this memorandum opinion and order will be "reasonably effective to give the defendant notice of the suit," as Tex. R. Civ. P. 106(b) requires.

\* \* \*

Accordingly, Joe Hand's July 12, 2024 motion for substituted service of process is granted as set forth in this memorandum opinion and order.

**SO ORDERED**.

July 15, 2024.

_____<br>
SIDNEY A. FITZWATER<br>
SENIOR JUDGE